UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RAY ERVIN,<br><br>        Petitioner,<br><br>        v.<br><br>JENNIFER BARRETTO,<br><br>        Respondent. | CASE NO. CV 16-5126-PA (PJW)<br><br>ORDER DISMISSING HABEAS CORPUS PETITION WITH PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY |

    In January 1978, Petitioner was sentenced in Los Angeles County Superior Court to seven years to life in prison, following his convictions for first degree murder, kidnaping for robbery or ransom, and first degree robbery. (Petition at 1 and Exh. A at 2.) The record does not reveal whether or when he filed an appeal of his conviction. On April 20, 2016, he filed a habeas corpus petition that was subsequently transferred to this court, claiming that he is suffering "disproportionate punishment" for his crimes. (Petition at 5.)

    The Court has a duty to screen habeas corpus petitions before ordering service on a respondent. *See Mayle v. Felix,* 545 U.S. 644, 656 (2005). In so doing, if it plainly appears from the face of a petition that a petitioner is not entitled to relief, the Court can

dismiss the petition at the outset.  *See* Rule 4, Rules Governing § 2254 Cases; and *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  For the following reasons, the Court concludes that it is clear on the face of the petition that Petitioner is not entitled to relief and, therefore, the petition is dismissed with prejudice.

   Petitioner contends that his sentence of life with the possibility of parole is disproportionate punishment for his crimes, citing *In re Rodriguez*, 14 Cal.3d 639 (1975).[1]  (Petition at 6.)  Even assuming that Petitioner intended by his citation to *Rodriguez* to invoke the Federal Eighth Amendment's prohibition on cruel and unusual punishment, he has failed to raise a colorable claim.  Petitioner was convicted of first degree murder, among other offenses.  It is beyond dispute that a life sentence for murder is not cruel and unusual punishment.  *See*, *e.g.*, *United States v. LaFleur*, 971 F.2d 200, 211 (9th Cir. 1991) ("[I]t is clear that a mandatory life sentence for murder does not constitute cruel and unusual punishment."); *Barker v. Marshall*, 2011 WL 2173836, at *4 (C.D. Cal. April 6, 2011).[2]

---

[1] In *Rodriguez*, the California Supreme Court held that an inmate's continued imprisonment violated the state constitutional prohibition against cruel and unusual punishment where he had already served 22 years of an indeterminate sentence of one year to life in prison for a conviction of lewd conduct with a child.  14 Cal.3d at 656.

[2] Petitioner points out that he was 16 years old when he committed the offenses. (Petition, Exh. A at 5.)  Although the United States Supreme Court recently held that a sentence of "mandatory life *without parole* for those under the age of 18 at the time of their crimes violates the Eighth Amendment," *Miller v. Alabama*, 132 S. Ct. 2455, 2460 (2012) (emphasis added), Petitioner was sentenced to life with the possibility of parole.  (Petition, Exh. A at 2.)  Thus, his sentence and continued incarceration does not violate the Federal Constitution.  *See also Graham v. Florida*, 560 U.S. 48, 70 (2010) (recognizing "severity of sentences that deny convicts the possibility

    Because Petitioner has not and cannot state a cognizable claim, the Petition is denied and the case is dismissed with prejudice.[3] Further, because he has not made a substantial showing of the denial of a constitutional right, he is not entitled to a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

    IT IS SO ORDERED

    DATED: November 17, 2016

PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

C:\Users\imartine\AppData\Local\Temp\notesC7A056\LA16CV05126PA-Order.wpd

---

of parole.").

[3] Petitioner acknowledges that he has not presented his claim in state court, (Petition at 5), which renders his claim unexhausted. The Court has elected to overlook the exhaustion issue because the claim is clearly baseless. *See Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005) (holding district court can deny unexhausted petition on the merits when it is clear that the petitioner has not raised a colorable claim). Similarly, the Court has chosen not to address whether the Petition was timely filed. *See Van Buskirk v. Baldwin*, 265 F.3d 1080, 1083 (9th Cir. 2001) (holding court need not "reach the complex questions lurking in the time bar" of the federal habeas corpus statute).